# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth
Transportation
Commissioner

v.

N. Leslie Saunders, Jr.

v.

James E. Matyiko et al.

May 3, 2000

Case No. LC-3180

BY JUDGE T. J. MARKOW

The parties appeared on Third Party Defendants' James E. Matyiko, John Matyiko, Jr., Jerry B. Matyiko, and Joseph G. Matyiko, Sr., Special Pleas and Demurrer to the Third Party Motion for Judgment filed by N. Leslie Saunders, Jr., and a memorandum was received and argument was heard. The essential facts follow.

In 1985, the Matyiko Investment Corporation owned a tract of land in Chesterfield County, a portion of which was taken by the Commonwealth Transportation Commissioner by condemnation. The Transportation Commissioner deposited $327,140.00 into an account pending a condemnation hearing to determine the value of the property. Prior to a final determination of value, the Chesterfield Circuit Court entered an order allowing the corporation to draw down the account. Saunders served as counsel to the corporation and was involved in the condemnation proceeding and other corporate affairs. Saunders alleges that he and the Matyikos agreed

that he would take a 10% interest in the corporation as compensation for his legal services.

The corporation withdrew the entire amount deposited by the Transportation Commissioner and liquidated the corporation, distributing the funds from the Transportation Commissioner account, as well as from other assets, to the Matyikos and Saunders as shareholders. The Matyikos, directors of the corporation, assert that Saunders was also a director. Saunders disputes this allegation, contending that he was a mere shareholder.

Subsequently, the value of the condemned property was found to be only $137,965.00, much less than the $327,140.00 deposited and withdrawn from the Transportation Commissioner account. When the Transportation Commissioner sued the Matyikos for the amount the Commissioner overpaid, the Matyikos filed a third-party motion for judgment seeking contribution from Saunders. That suit was resolved when the Matyikos settled with the Transportation Commissioner, assigning to the Transportation Commissioner all of their rights and causes of action against Saunders.

Subsequently, the Transportation Commissioner brought the instant case to recover the funds from Saunders. Saunders filed a third-part motion for judgment against the Matyikos, alleging counts in contribution, indemnification, and fraud. The Matyikos responded to the third-party action by filing the special pleas and demurrer at issue. The court addresses the special pleas and demurrer to each of the four counts in the Third-Party Motion for Judgment.

### Count I: Contribution

In Count One, Saunders alleges a right to contribution from the Matyikos, pursuant to Va. Code § 13.1-692(B), in the event that Saunders is found personally liable to the Transportation Commissioner. The special plea asserts that the Matyikos' settlement with the Transportation Commissioner discharges them from any obligation for contribution as joint tortfeasors pursuant to Code § 8.01-35.1(A)(1).

A wrongful distribution, as contemplated in Code § 13.1-692, is a breach of a statutory duty owed to a corporation by its directors. However, the court does not agree that such a breach is a "tort" within the meaning of Code § 8.01-35.1. Consequently, the protection afforded by Code § 8.01-35.1(A)(2)

to tortfeasors who settle cannot be extended to the Matyikos in this case. Therefore, the special plea to Count One is denied.

## Count II: Indemnification

Count Two alleges a right to indemnity based on Saunders' work as counsel for the Matyiko Investment Corporation. Saunders' claim essentially asserts that if the funds used to compensate him are taken by the Transportation Commissioner, he deserves reimbursement from the Matyikos.

The claim is one for indemnification based on a contract and, thus, is not subject to the Matyikos' special plea based on the statute of limitations under Code § 13.1-692(C), applicable to wrongful distributions. The Matyikos demur, however, arguing that Saunders only alleged a contract with the now dissolved corporation and does not implicate the Matyikos individually.

Saunders contends that the Matyikos' personal liability arises from their obligation as directors of the corporation to pay the corporation's debts before distributing funds to shareholders in liquidation. Thus, Saunders seeks payment from the Matyikos directly.

Under Virginia Code § 13.1-745(B)(5):

Dissolution of a corporation does not . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name.

Applied to this case, Code § 13.1-745(B)(5) allows Saunders to sue on his alleged contract despite the liquidation of the other party to the contract, Matyiko Investment Corporation. However, Saunders cannot merely sue the directors of the corporation on the contract as if they personally entered into the contract in equal status to the corporation.

Saunders' rights arise from the alleged contract entered into with Matyiko Investment Corp. for his service. The court makes no finding as to the personal liability of the Matyikos other than to find that a cause of action for indemnification for breach of contract from the Matyikos directly for wrongfully distributing the corporation's assets does not lie given the facts as alleged in Saunders' Third-Party Motion for Judgment. Therefore, the demurrer to Count Two is sustained.

## Counts III and IV: Actual and Constructive Fraud

Counts Three and Four allege that the Matyikos misrepresented to the Transportation Commissioner that Saunders was a director rather than a mere shareholder in the corporation. Consequently, Saunders alleges that he has

been harmed by the fraud insomuch as he has had to defend this suit by the Transportation Commissioner.

The Matyikos demur to the fraud counts and enter a special plea arguing that the limitations period described in Code § 8.01-243(A) bars Saunders' action. The court need only consider the Matyikos' demurrer, as it is dispositive here.

The elements of fraud, actual or constructive, include that the misrepresentation must have been made to the injured party and that the injury arises from that party's reliance on the misrepresentation. See *ITT Hartford Group, Inc. v. Virginia Financial Services, Inc.*, 258 Va. 193, 203 (1999). Here, neither of those elements is alleged.

Saunders asserts that a misrepresentation was made to a third party, the Transportation Commissioner, and that Saunders' harm comes from the third party's reliance on the representation. Saunders has not alleged a claim for fraud, actual or constructive, as committed against him. The demurrer to Counts Three and Four is sustained.

It is, therefore, ordered, that Third-Party Defendants' James E. Matyiko, John Matyiko, Jr., Jerry B. Matyiko, and Joseph G. Matyiko, Sr., Special Plea to Count One of the Third-Party Motion for Judgment is denied and the Demurrer to Counts Two, Three, and Four of the Third-Party Motion for Judgment is sustained. Both parties' objections are noted.